UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EDDY ESTUARDO CHINCH ZACARÍAS,

                Petitioner,                      14-CR-194  (ALC)
                                                      16-CV-4810 (ALC)
       - against -

                                                      OPINION & ORDER

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

       On March 20, 2015, pursuant to a plea agreement with the government, Zacarias pleaded guilty to lesser included offenses of both counts of an indictment, returned in March 2014, charging: 1) conspiracy to distribute, and possess with intent to distribute 100 grams and more of heroin, in violation of 21 U.S.C. § 841(b)(1)(B); and 2) conspiracy to import 100 grams and more of heroin, in violation of 21 U.S.C. § 960(b)(2).

       Under the agreement, Zacarias agreed not to "bring a collateral challenge, including but not limited to an application under Title 28 U.S.C. § 2255 and/or § 2241; nor seek a sentence modification pursuant to Title 18 U.S.C. § 3582 (c), of any sentence within or below the Stipulated Guidelines Range of 108 to 135 months imprisonment." (ECF. 41-1).

       At the plea hearing, Magistrate Judge Francis determined that Zacarias was competent to proceed, received a copy of the indictment, had it translated to him,

discussed it with his attorney and understood it. MJ Francis also verified that Zacarias had a full opportunity to discuss—with his attorney—the charges and his decision to plead guilty.

Zacarias claims that—due to faulty translation from a court certified Spanish interpreter—he didn't know that he was pleading guilty to two counts of the indictment instead of one. I find that the waiver, contained in his plea agreement with the government, of his right to impugn his sentence does not apply to this challenge. But Zacarias has failed to demonstrate a constitutional error since his allegation is conclusory and contradicted by the facts in the record. No hearing is necessary. The petition is denied.

## LEGAL STANDARD

28 U.S.C. § 2255(a) states that a prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the "sentence was imposed in violation of the Constitution or laws of the United States...or is otherwise subject to collateral attack."

"Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack."

*Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks omitted).

When a petitioner's allegations are "vague, conclusory, or palpably incredible," there is no need for an evidentiary hearing. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Gonzales v. United States*, 722 F.3d 118, 130 (2d Cir. 2013). The court must consider admissions made at the guilty plea since "solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "[S]ubsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id*.

For a collateral attack to succeed, the petitioner must demonstrate "constitutional error...or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted).

"There is no general bar to a waiver of appellate or collateral attack rights in a plea agreement. However, a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured..." *Frederick v. Warden*, 308 F. 3d 192, 195 (internal citations omitted).

ANALYSIS

1)   ZACARIAS' WAIVER OF HIS RIGHT TO CHALLENGE THE SENTENCE DOES NOT APPLY.

Under the plea agreement, Zacarias agreed not to "bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18 United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 108 to 135 months' imprisonment." (ECF 41-1, p.5)

I will not enforce the waiver since Zacarias is challenging the process by which he waived those rights: the plea proceeding.[1]  Instead, I will address the substance of Zacarias' claim.

2)   NO HEARING IS NEEDED.

    A)  HIS ALLEGATION IS CONCLUSORY.

---

[1] Zacarias does not claim that the interpreter failed to accurately translate the portion of the plea proceeding addressing the waiver, nor does he mention the waiver at all.

The petitioner claims that : "On 3/10/15 Defendant, through a Spanish interpreter who failed to accurately translate, entered a plea of guilty to two counts. However, Zacarias understood that he was pleading to one count." (ECF. Dkt. 1 p.1).

Zacarias does not indicate specifically which words were translated incorrectly, but he claims that he thought he pleaded guilty to only one count. This generic, bald assertion does not entitle him to a hearing. Not only is there a lack of specificity regarding any phrases, words, or sentences that were omitted or mistakenly translated, this claim is flatly contradicted by the record.

    B.    HIS CONCLUSORY STATEMENT IS BELIED BY THE PLEA PROCEEDING AND THE PLEA AGREEMENT AND, AS SUCH, IS PALPABLY INCREDIBLE IN THE FACE OF THE RECORD.

    1)    The plea agreement encompassed both counts.

Prior to pleading guilty, Zacarias received the plea agreement, had it translated, understood it, signed it. (ECF 41-2, p. 20, lines 1-4). The first sentence of the plea agreement states that Zacarias would plead guilty to Counts One and Two. (ECF 41-1, p1). The second paragraph of the plea agreement discusses Count One; the third, Count Two. Both paragraphs indicate a statutory penalty of a minimum of five years and maximum of forty years. The fourth paragraph tallies the statutory maximums for both counts, stating, "The total maximum sentence of incarceration on Counts One and Two is

80 years' imprisonment, with a mandatory minimum term of five years." (ECF 41-1, p.1-2). Moreover, the sixth paragraph states that Zacarias will admit to the forfeiture allegations regarding Counts One and Two. (ECF 41-1, p.2). These paragraphs make it crystal clear that, under the agreement, Zacarias would be pleading to both counts, not one.

2) The plea proceeding covered both counts.

At the beginning of the colloquy, the magistrate judge informed Zacarias that he was charged in Counts One and Two of the Indictment. (ECF 41-2, p. 3, line 23--p.4, line-20).[2] Next the court asked, "Are you ready to plead at this time?" Zacarias responded, "Yes, sir." The court next inquired, "What is your plea to Counts One and Two of the Indictment? Guilty or Not Guilty?" He responded, "Guilty." (ECF 41-2, p.4, lines 17-19).

The judge reminded Zacarias of both charges, and informed him that he would face similar sentences for both counts. Zacarias acknowledged that he understood. (ECF 41-2, p.8, line 24-p. 10, line 19). In particular, the judge told Zacarias that he could face a mandatory minimum of five years and a maximum of forty years on each count. Zacarias acknowledged that he understood. *Id*. The court followed up by stating that the total

---

[2] Zacarias clearly understood the interpreter. When asked if he was satisfied with his attorney, he didn't simply say yes, but responded,"With this one yes. But not with the entire--but not with the entire process, but with him I am." (ECF 41-2, lines 12-15). This belies any notion that Zacarias was not paying attention, robotically going through the process.

6

maximum sentence he could receive is eighty years with a mandatory minimum of five years. Zacarias acknowledged that he understood. (ECF 41-2, p. 10, lines 20-23).

Zacarias could not get eighty years unless convicted of both counts. One of the major considerations for a defendant in pleading guilty is the possible amount of time one would have to serve. Basic math is the same in English and Spanish; eighty and forty are not the same. I do not believe that he ignored the judge's statements regarding possible punishment, nor do I believe that Zacarias ignored the similar statement in paragraph four of the plea agreement.[3]

2)   EVEN IF HIS ALLEGATION WAS CREDIBLE AND NOT CONCLUSORY, HE HAS FAILED TO DEMONSTRATE SUFFICIENT PREJUDICE.

In addition, even if I were to credit Zacarias' statement that he didn't understand he was pleading to two counts, there is no indication that, but for that reason, he would not have pleaded guilty. Zacarias faced a ten year mandatory minimum for both counts and a maximum of life. By pleading guilty to the lesser included offense, he avoided a mandatory ten year sentence. He was in fact sentenced below ten years, receiving a sentence of eighty-seven months, with the sentences for both counts running concurrently with each other, below the ten year minimum and below the guideline range of one hundred eight to one hundred thirty-five months. The only additional penalty he has received in his sentence for both counts instead of one count is the additional $100

---

[3] In addition, at sentencing, Zacarias said he received the PSR and reviewed it. The PSR clearly indicated that he was convicted of both counts.

special assessment for the additional count.  He has not demonstrated a "constitutional error...or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted).

## CONCLUSION

The habeas petition is denied without a hearing.  Since Zacarias has not made a substantial showing of the denial of a constitutional right, I will not issue a certificate of appealability.  *Tankleff v. Senkowski*, 135 F. 3d 235, 241 (2d Cir. 1998).  Since, judged by an objective standard, any appeal taken from this order would not be in good faith, Zacarias may not file an appeal *in forma pauperis*.  *Coppedge v. United States*, 369 U.S. 438, 444-445 (1962).  The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:    September 30, 2021
          New York, New York

                                                                                /s/ Andrew L. Carter, Jr.
                                                                              **ANDREW L. CARTER, JR.**
                                                                              United States District Judge